# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-14-00437-CR
_____

## HEYMAN HAROLD GUILLORY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 07-00940**

## MEMORANDUM OPINION

Heyman Harold Guillory appeals the trial court's denial of his motion for post-conviction DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01(a-1) (West Supp. 2014). We affirm the trial court's order denying Guillory's motion.

Guillory filed a *pro se* motion for post-conviction DNA testing, in which he asserted that in response to a prior motion for DNA testing, the State had responded that DNA testing had revealed that the victim's blood was present on Guillory's clothing. Guillory's motion stated that he seeks to have DNA testing conducted on the clothing "to

make a biological factual determination as to [the] actual owner of the clothing because the clothing does not belong to [Guillory]." Guillory asserted that he is innocent of the offense, and he contends that the clothes in question were not confiscated from his person when he was arrested "or at any other time during the arrest or investigation procedure."

In its order denying Guillory's motion, the trial court stated that Guillory was indicted for capital murder in June of 2007, and Guillory confessed to the crime and subsequently pleaded guilty "in exchange for the State dropping its pursuit of the death penalty." The trial court sentenced Guillory "in accordance with this plea bargain agreement on November 5, 2007." The trial court concluded that Guillory's motion "is frivolous as it is supported by nothing more than the movant's self-serving, conclusory assertion that the clothing upon which the victim's blood was found did not belong to him (movant)[.]" The trial court's order also stated that Guillory's denial of ownership of the clothing was "incredible and unworthy of belief" because Guillory had not raised the issue in any previous proceeding, including his application for habeas corpus relief.

In addition, the trial court stated that Guillory "has provided no concrete evidence to meet his threshold burden of showing the clothing in question contains 'biological material,' as that term is defined under Article 64.01(a) . . . other than the previously-tested blood stains determined to be the victim's." The trial court stated that "in light of the complete absence of any concrete evidence to support the allegations submitted therein," Guillory failed to establish his entitlement to post-conviction DNA testing, and

2

the trial court therefore denied the motion. In a subsequent "Clarification Order[,]" the trial court determined that (1) Guillory was not entitled to counsel for his Chapter 64 motion, and (2) Guillory failed to meet the mandatory requirements set forth in Article 64.03(a)(1), (2). *See* Tex. Code Crim. Proc. Ann. arts. 64.01(c), 64.03(a)(1), (2) (West Supp. 2014).

In his *pro se* briefs to this Court, which he entitled "Proof of innocence" and "Advisory to the Court[,]" Guillory argues that "DNA would be present on the clothing if Guillory had worn the clothing, but the clothing was never tested for Guillory's DNA." We interpret Guillory's *pro se* briefs as contending that the trial court erred by denying his post-conviction motion for forensic DNA testing.

We review a trial court's decision to deny a motion for post-conviction DNA testing under a bifurcated standard of review. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We afford almost total deference to the trial court's determination of issues of historical fact and its application of the law to fact issues that turn on determinations of witnesses' credibility and demeanor, but we review *de novo* the trial court's application of the law to fact issues that do not turn on determinations of witnesses' credibility and demeanor. *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008). When the only sources of information are the trial court's record and the appellant's pleadings and affidavit, the trial court is in no better position than this Court

3

to make its decision; therefore, we review the issues *de novo*. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).

Article 64.01(a-1) provides that a convicted person may request forensic DNA testing of evidence containing biological material, and the motion "must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion." Tex. Code Crim. Proc. Ann. art. 64.01(a-1). The motion may request DNA testing only of evidence that either was not previously subjected to DNA testing or, although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that would yield more accurate and probative results. *Id*. art. 64.01(b). A convicting court may order forensic testing only if it finds that the evidence still exists, is in a condition making DNA testing possible, and, among other things, the convicted person establishes by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. *Id*. art. 64.03(a)(1), (2). A convicting court may order forensic DNA testing only if the statutory preconditions of Chapter 64 are met. *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002).

As discussed above, Guillory's motion contained only a conclusory allegation that further DNA testing of the clothing, which had previously been subjected to DNA testing and found to contain the victim's blood, would reveal the identity of the owner of the clothing. Guillory's motion admitted that the clothing had previously been subjected to

4

DNA testing, and his motion contained no evidence that the clothing contained biological material that could be tested and used to identify the owner of the clothing as someone other than Guillory. Therefore, the trial court did not err by denying Guillory's motion for post-conviction forensic DNA testing. *See* Tex. Code Crim. Proc. Ann. arts. 64.01(a), (a-1), (b), 64.03(a)(1), (2). We affirm the trial court's judgment.

    AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 30, 2015
Opinion Delivered March 4, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.